[Cite as *State v. Ludwick*, 2026-Ohio-2566.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 26CA1 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Aaron D. Ludwick, | : | **RELEASED 6/30/2026** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Aaron D. Ludwick, Chillicothe, Ohio, pro se appellant.

Anneka P. Collins, Highland County Prosecutor, and Adam J. King, Highland County Assistant Prosecutor, Hillsboro, Ohio, for appellee.

_____

Hess, J.

{¶1}   Aaron D. Ludwick appeals from a judgment of the Highland County Common Pleas Court denying his motion for relief from a judgment denying his petition for postconviction relief and motion for leave to amend his petition for postconviction relief. Ludwick presents five assignments of error asserting that the trial court erred: (1) by denying his motions and amended petition for post-conviction relief without allowing him to reply to the State's memorandum contra; (2) "in its application of the procedural default of O.R.C. 2953.21(A), and finding that the amended petition was barred by the statute of limitations"; (3) in finding Civ.R. 60(B)(5) inapplicable; (4) in its sua sponte application of res judicata; and (5) in not ruling on the merits of his failure to impeach claims.  For the

reasons which follow, we overrule the assignments of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}    In August 2021, Ludwick was convicted, following a jury trial, of five counts of rape. The trial court sentenced him to an 11-year prison term plus 4 consecutive terms of life imprisonment without eligibility for parole. Ludwick filed a direct appeal, and on November 9, 2021, the trial transcript was filed in this court.  On July 26, 2022, we affirmed Ludwick's convictions.  *State v. Ludwick*, 2022-Ohio-2609 (4th Dist.).  He then filed an application for reopening in this court and a petition for postconviction relief in the trial court.  On September 29, 2022, the trial court denied the petition without a hearing.  On December 29, 2022, we denied the application to reopen. *State v. Ludwick*, Highland App. No. 21CA17, Judgment Entry Denying Application to Reopen (4th Dist. Dec. 29, 2022). On March 29, 2023, we affirmed the denial of the petition. *State v. Ludwick*, 2023-Ohio-1113 (4th Dist.).

{¶3}    On December 19, 2025, Ludwick filed in the trial court: (1) a motion for relief from judgment under Civ.R. 60(B)(5) asking the court to vacate its September 29, 2022 judgment denying the petition for postconviction relief; (2) a motion for leave to amend the petition for postconviction relief under Civ.R. 15 "to include two new claims"; and (3) an amended petition for postconviction relief.  On December 23, 2025, the State filed a memorandum contra.  On December 26, 2025, the trial court issued an order denying Ludwick's motions. The court explained that "[t]he State   filed a memorandum in opposition to the motions stating that it essentially is a second motion for post-conviction relief which is barred by R.C. 2953.21(A)," "that amendment is not permitted once there

has been an adjudication of a petition," and "that the Ohio Rules of Civil Procedure do not confer judicial jurisdiction to override the statutory provisions regarding post-conviction relief." The court agreed. The court stated that "[a] petition for post-conviction relief may only be amended pursuant to R.C. 2953.21(G) while it is pending and prior to an adjudication by the trial court." Ludwick sought to amend his petition more than three years after it was filed, which was "beyond the time limits set forth in the statute." The court stated that it "also agrees that Civ.R. 60(B)(5) does not apply here." In addition, the trial court found Ludwick raised the same claims in his motions that he raised in his pro se motion to reopen the direct appeal of his conviction, that this court found them to be without merit, and that the trial court "cannot now allow the original ruling on defendant's original petition to be reopened on the alleged merits of those claims as the denial of his motion to reopen his direct appeal constitute res judicata of these claims [sic]."

## II. ASSIGNMENTS OF ERROR

**{¶4}** Ludwick presents five assignments of error:[1]

Assignment of Error I: The lower [c]ourt denied Ludwick's right to Due Process as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 § 16 of the Ohio Constitution by denying Ludwick's motion for relief from judgment, motion for leave to amend, and amended petition for post-conviction relief without allowing Ludwick to reply to the State's memorandum contra.

Assignment of Error II: The lower [c]ourt erred in its application of the procedural default of O.R.C. 2953.21(A), and finding that the amended petition was barred by the statute of limitations. This erroneous adoption of inapplicable law is a denial of Ludwick's right to Due Process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1 § 16 of the Ohio Constitution.

Assignment of Error III: The Trial Court erred in finding that, "Civ.R. 60(B)(5) does not apply here."

---

[1] The assignments of error are taken from the argument section of Ludwick's appellate brief. Some assignments of error are stated somewhat differently elsewhere in the brief.

Assignment of Error IV: The lower court erred in its *sua sponte* application of *res judicata*.

Assignment of Error V: The lower court erred in not ruling on the merits of the failure to impeach claims. Trial Counsel's failure to impeach the State's key witnesses, Detective Vincent Antinore, and Cheryl Denise Fauber was ineffective assistance of counsel. This ineffective assistance likely had a substantial impact on the trial because the credibility of these key witnesses was not impeached.

We will address the assignments of error out of order.

### III. LAW AND ANALYSIS

#### A. Statutory Provisions on Petitions for Postconviction Relief

{¶5} R.C. 2953.21(A)(1)(a)(i) authorizes "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶6} R.C. 2953.21(A)(2)(a) provides:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i) . . . of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . .

{¶7} R.C. 2953.21(G) states:

A petitioner who files a petition under division (A)(1)(a)(i) . . . of this section may amend the petition as follows:

. . .

(3) The petitioner may amend the petition with leave of court at any time after the expiration of the applicable period specified in division (G)(1) or (2) of this section.

{¶8}   R.C. 2953.21(A)(4) provides:

A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.

{¶9}   R.C. 2953.21(K) states:

Subject to the appeal of a sentence for a felony that is authorized by section 2953.08 of the Revised Code, the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case . . . or the validity of a related order of disposition.

{¶10} R.C. 2953.23(B) provides: "An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code."

{¶11} R.C. 2953.23(A) states that

a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the

sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

"A trial court does not have subject-matter jurisdiction to adjudicate a postconviction petition that is untimely—i.e., filed outside the statutory deadline under R.C. 2953.21(A)(2)—or successive—i.e., a second or subsequent petition" unless one of these two exceptions applies. *State v. Johnson*, 2024-Ohio-134, ¶ 10, citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36, 38, and R.C. 2953.23(A)(1) and (2).

B.  Third Assignment of Error

**{¶12}** In the third assignment of error, Ludwick contends the trial court erred in finding that Civ.R. 60(B)(5) does not apply here. The issue whether a defendant can challenge a judgment denying his petition for postconviction relief by filing a Civ.R. 60(B) motion presents a question of law. "'We review questions of law de novo.'" *State v. Blair*, 2025-Ohio-4898, ¶ 11 (4th Dist.), quoting *Whitesed v. Huddleston*, 2021-Ohio-2400, ¶ 18 (4th Dist.).

**{¶13}** In *State v. Hill*, 2026-Ohio-1427, the Supreme Court recently considered "the question whether a capital defendant may collaterally challenge a prior judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B)" and determined that "[t]he answer is no." *Hill* at ¶ 1. The Supreme Court explained that

"Civ.R. 60(B)(5) allows a court to 'relieve a party . . . from a final judgment' in the case of 'any . . . reason justifying relief from the judgment.'" *Id.* at ¶ 16. "However, the Rules of Civil Procedure are not universally applicable." *Id.* Civ.R. 1(C) limits their applicability. *Id.* at ¶ 17. Civ.R. 1(C) states that the rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure" in certain circumstances, including "in all other special statutory proceedings[.]" Thus, "'[t]here are two considerations in determining whether the Civil Rules do not apply: whether the procedural statute governs a special statutory proceeding and whether that statute renders the civil rule at issue "clearly inapplicable."'" *Hill* at ¶ 18, quoting *Ferguson v. State*, 2017-Ohio-7844, ¶ 21.

{¶14} The Supreme Court explained that "postconviction-relief proceedings are special statutory proceedings," so "the only remaining question is whether Civ.R. 60(B) is clearly inapplicable to those proceedings." *Id.* at ¶ 19. The Supreme Court further explained that "'[a] civil rule is clearly inapplicable "'only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided.'"'" (Bracketed text added in *Ferguson*.) *Id.* at ¶ 20, quoting *Ferguson* at ¶ 24, quoting *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349 (10th Dist. 1978). After quoting provisions of R.C. 2953.21(A)(1)(a) and 2953.23(A), the Supreme Court stated:

> From the text of these statutes and the context surrounding R.C. 2953.21's enactment, it is clear that the purpose of the statutes is to define the method by which people convicted of crimes "may raise claims of denial of federal rights," [*Young v. Ragen*, 337 U.S. 235, 239 (1949)]. The prescribed method describes not only how a person might bring his first petition but also the circumstances under which a court may entertain successive or delayed collateral attacks on a conviction or sentence. And R.C. 2953.21 states, without reservation, that it provides "the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case . . . *or the validity of a related order of*

*disposition*." (Emphasis added.) R.C. 2953.21(K). Allowing what amounts to a successive request for postconviction relief to be brought by filing a Civ.R. 60(B) motion would contravene the statutory purpose of having one remedy for such cases. Therefore, the Civil Rules are manifestly inapplicable to postconviction-relief proceedings.

*Id.* at ¶ 24.

**{¶15}** The Supreme Court also stated:

We hold that R.C. 2953.21 provides the exclusive mechanism "by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case," R.C. 2953.21(K). The Ohio Rules of Civil Procedure do not apply to special statutory proceedings when the rules "by their nature [are] clearly inapplicable." Civ.R. 1(C)(8). Because the General Assembly has prescribed a specific statutory mechanism by which a person may request postconviction relief and designated it as the exclusive remedy available, a petition for postconviction relief may not be reopened by filing a Civ.R. 60(B) motion.

(Bracketed text in original.) *Id.* at ¶ 2. And because "[p]ostconviction-relief proceedings are special statutory proceedings to which the Civil Rules are inapplicable," the defendant in *Hill* could "not challenge the judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B). Instead, successive petitions for postconviction relief must conform to the requirements of R.C. 2953.21 and 2953.23." *Id.* at ¶ 25.

**{¶16}** Although *Hill* involved a capital defendant, we see no reason why its holding would not apply with equal force to a non-capital defendant. Based on *Hill*, we conclude that Ludwick could not challenge the judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B) because a petition for postconviction relief may not be reopened by filing a Civ.R. 60(B) motion. Accordingly, we overrule the third assignment of error.

C.  Second Assignment of Error

**{¶17}** In the second assignment of error, Ludwick contends the trial court erred and violated his due process rights "in its application of the procedural default of O.R.C. 2953.21(A), and finding that the amended petition was barred by the statute of limitations."  Ludwick suggests that the trial court erred in concluding amendment of the denied petition was not permitted and instead treating his amended petition as an untimely second petition. He acknowledges the deadline for filing a petition in R.C. 2953.21(A)(2)(a).  However, he maintains that R.C. 2953.21(G) states that a petition can be amended at any time and does not state that it can only be amended prior to final judgment.  He claims the Civil Rules augment the statute.  He asserts that amendment of a petition is permissible once the final judgment is vacated under Civ.R. 60(B) and that Civ.R. 15(B) permits amendment after judgment.  And he claims that under Civ.R. 15(C), the amendments relate back to the date of the original petition.

**{¶18}** Ludwick's contentions are not well taken.  The issue whether a trial court can permit amendment of a denied petition for postconviction relief presents a question of law, and again, "'[w]e review questions of law de novo.'" *Blair*, 2025-Ohio-4898, at ¶ 11 (4th Dist.), quoting *Whitesed*, 2021-Ohio-2400, at ¶ 18 (4th Dist.).  As previously noted, R.C. 2953.21(G)(3) states that "[t]he petitioner may amend the petition with leave of court at any time after the expiration of the applicable period specified in division (G)(1) or (2) of this section."  Although this provision uses the phrase "any time," Ludwick filed his motion for leave to amend after the trial court had issued a final judgment denying his petition.  "Generally,  a trial court loses jurisdiction over a case after  entering  final judgment." *Miles v. Cleveland Clinic Health System-East Region*, 2026-Ohio-190, ¶ 8 (8th

Dist.), citing *State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 1, and *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.,* 2024-Ohio-5729, ¶ 20. The postconviction relief statutes do not permit a trial court to reopen a petition after final judgment, and as previously explained, Ludwick could not reopen the petition by filing a Civ.R. 60(B) motion. Thus, there was no pending petition for the trial court to amend, and the trial court properly viewed the "amended" petition as a second petition. To conclude otherwise would contravene the General Assembly's intent in enacting the waiver provision in R.C. 2953.21(A)(4) and the requirements for second or successive petitions in R.C. 2953.23(A).

{¶19} Ludwick's reliance on Civ.R. 15 is misplaced. As previously noted, *Hill* broadly stated that "the Civil Rules are manifestly inapplicable to postconviction-relief proceedings" and that "[p]ostconviction-relief proceedings are special statutory proceedings to which the Civil Rules are inapplicable." *Hill*, 2026-Ohio-1427, at ¶ 24-25. However, the specific rule at issue in *Hill* was Civ.R. 60(B), not Civ.R. 15. But even if Civ.R. 15 applied to petitions for postconviction relief, it did not permit the trial court to let Ludwick amend his petition.

{¶20} Civ.R. 15(A) states:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Civ.R. 15(B) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had

been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues.

And Civ.R. 15(C) states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

{¶21} Although Civ.R. 15(B) permits amendments after judgment, it only does so when issues not raised by the pleadings are tried by express or implied consent of the parties. Ludwick is not trying to amend his petition to raise issues which were tried by express or implied consent of the parties during the proceedings on his original petition for postconviction relief. He is trying to amend his petition to add new claims which were not tried during those proceedings.

{¶22} Because Ludwick's "amended" petition was both untimely under R.C. 2953.21(A)(2)(a) and a second petition, the trial court did not have jurisdiction to entertain it unless Ludwick met the requirements of R.C. 2953.23(A)(1) or (A)(2). Ludwick did not argue, let alone show, that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claims for relief or that subsequent to the filing of his earlier petition, the United States Supreme Court recognized a new federal or state right that applied retroactively to him. And his "amended" petition did not involve DNA testing. Thus, the trial court lacked jurisdiction to entertain the "amended" petition.

{¶23} For the foregoing reasons, we overrule the second assignment of error.

### D.  Fourth Assignment of Error

{¶24}  In the fourth assignment of error, Ludwick contends the trial court erred in its sua sponte application of res judicata.  The trial court relied on res judicata as a basis for denying Ludwick's motions for relief from judgment and for leave to amend.  But as previously explained, Ludwick could not challenge the judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B) or amend his denied petition. "'[T]he definitely established law of this state'" is that "'where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof.'" *Culp v. Olukoga*, 2013-Ohio-5211, ¶ 62 (4th Dist.), quoting *Agricultural Ins. Co. v. Constantine,* 144 Ohio St. 275, 284 (1944).  "Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must nevertheless affirm the judgment if it is legally correct on other grounds." *Id.*, citing *Reynolds v. Budzik,* 134 Ohio App.3d 844, 846, fn. 3 (6th Dist. 1999), and *Newcomb v. Dredge,* 105 Ohio App. 417, 424 (2d Dist.1957).  Therefore, even if the trial court erred in its sua sponte application of res judicata, we must still affirm its judgment denying Ludwick's motions because it is legally correct on other grounds. Accordingly, we overrule the fourth assignment of error.

### E.  Fifth Assignment of Error

{¶25}  In the fifth assignment of error, Ludwick contends the trial court erred in not ruling on the merits of his failure to impeach claims. But again, Ludwick could not challenge the judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B) or amend his denied petition, and the trial court lacked jurisdiction to entertain his "amended" petition.  Thus, the trial court did not err in not ruling on the merits

of the failure to impeach claims in his "amended" petition, and we overrule the fifth assignment of error.

### F.  First Assignment of Error

**{¶26}**  In the first assignment of error, Ludwick contends the trial court denied his due process rights by denying his motion for relief from judgment, motion for leave to amend, and amended petition for postconviction relief without letting him reply to the State's memorandum contra.  Ludwick claims that under Civ.R. 6(C)(1) and (D), he had 10 days to file a reply, but the trial court denied his motions before the 10 days expired.  And by denying him the ability to refute multiple erroneous claims by the State, the trial court denied him due process.

**{¶27}**  Ludwick's contentions are not well taken.  Civ.R. 6(C)(1) states: "A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion."  And Civ.R. 6(D) states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document upon that party and the notice or paper is served upon that party by mail or commercial carrier service under Civ.R. 5(B)(2)(c) or (d), three days shall be added to the prescribed period.

Again, *Hill* broadly stated that "the Civil Rules are manifestly inapplicable to postconviction-relief proceedings" and that "[p]ostconviction-relief proceedings are special statutory proceedings to which the Civil Rules are inapplicable."  *Hill*, 2026-Ohio-1427, at ¶ 24-25.  However, the specific rule at issue in *Hill* was Civ.R. 60(B), not Civ.R. 6(C)(1) or (D).  But even if Civ.R. 6(C)(1) and (D) applied to Ludwick's motions, as already explained, Ludwick could not challenge the judgment denying his petition for postconviction relief by filing a motion under Civ.R. 60(B) or amend his denied petition,

and the trial court lacked jurisdiction to entertain his "amended" petition. Therefore, any error in the timing of the trial court's judgment was harmless because even if Ludwick filed a reply, he would not have prevailed. *See generally State v. Conway*, 2025-Ohio-1844, ¶ 41-42 (10th Dist.) (rejecting contention that trial court erred by denying a motion for appointment of counsel before time for filing a reply under Civ.R. 6(C)(1) because the "premature denial did not affect the result," so the error was harmless, and "[h]armless errors do not call for reversal"). Thus, we overrule the first assignment of error.

## G.  Conclusion

{¶28}  Having overruled each of the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period set forth in the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**